# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ANTONY M. SANTOS, BAR NO. 11265.

No. 81919

**FILED**

DEC 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Antony M. Santos be disbarred based on violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 1.16 (declining or terminating representation), RPC 5.4 (professional independence of a lawyer), RPC 8.1 (disciplinary matters), and RPC 8.4 (misconduct). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Santos committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Santos failed to answer the complaint and a default was entered.[1] SCR 105(2). The record therefore establishes that Santos violated the above-referenced rules by accepting fees for legal services and not providing those services, directing the client to pay a non-lawyer for legal

---

[1]During the initial stage of the State Bar's investigation, Santos emailed the State Bar stating he was working on a response to the grievance. He never contacted the State Bar again. The complaint and notice of intent to take a default were served on Santos via regular and certified mail. Personal service was also unsuccessfully attempted.

20-46371

services, failing to communicate with the client or properly withdraw from representation, commingling client funds with operating funds, converting client funds for his personal use, and failing to respond to inquiries from the State Bar.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must . . . exercise independent judgment," the panel recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Santos knowingly or intentionally violated duties owed to his clients (competence, diligence, communication, safekeeping property), to the profession (professional independence of a lawyer and failure to respond to inquiries from a disciplinary authority), and the public (misconduct). Santos's client suffered an actual injury as he did not receive the legal services for which he paid and Santos converted his funds. Santos's failure to cooperate in the disciplinary investigation harmed the integrity of the profession, which depends on a self-regulating disciplinary system. The baseline sanction for his misconduct, before consideration of aggravating and mitigating circumstances, is disbarment. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.11 (Am. Bar Ass'n 2017) ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."). The record supports the hearing panel's findings of five aggravating circumstances (dishonest or selfish

motive, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders, substantial experience in the practice of law, and refusal to acknowledge the wrongful nature of conduct) and one mitigating circumstance (absence of prior discipline). Considering that less than $5,000 was misappropriated here; this matter involved a single instance affecting one client, who apparently was Santos' only client at the time; the absence of any prior discipline; and that Santos may be struggling with an illness, we conclude a downward deviation from the baseline sanction of disbarment is warranted.

Accordingly, we suspend attorney Antony M. Santos from the practice of law in Nevada for five years and one day commencing from the date of this order. Santos shall pay restitution to his client. He shall also pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days of the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____Pickering_____, C.J.
Pickering

_____Gibbons_____, J.
Gibbons

_____Hardesty_____, J.
Hardesty

_____Parraguirre_____, J.
Parraguirre

_____Stiglich_____, J.
Stiglich

_____Cadish_____, J.
Cadish

_____Silver_____, J.
Silver

cc: Chair, Southern Nevada Disciplinary Panel
Antony M. Santos
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court